**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

Edward Copeland,                              )
                                             )
                    Petitioner,              )
                                             )        C.A. No.: 2:05-CR-0135-PMD
        vs.                                  )
                                             )
United States of America,                    )              **ORDER**
                                             )
                    Respondent.              )
_____ )

     Edward Copeland ("Petitioner") was found guilty of conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine and fifty (50) grams or more of cocaine base; possession with intent to distribute five (5) grams or more of cocaine base and a quantity of cocaine; and possession of ammunition by a convicted felon. Petitioner received a life sentence, which was affirmed by the Fourth Circuit. Petitioner now moves the Court, pursuant to 28 U.S.C. § 2255 (2008), to vacate his sentence, alleging that his trial counsel provided ineffective assistance. For the reasons discussed below, the Court denies Petitioner's motion.

     On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. Based on the circumstances of this case, the Court finds no hearing is necessary to address Respondent's motion and dismisses Petitioner's motion for the following reasons.

# ANALYSIS

Petitioner alleges that his trial attorney, David Michel, provided ineffective assistance of counsel. In his motion, Petitioner states nine grounds for his ineffective assistance of counsel claim against Attorney Michel:

1. Counsel "failed to challenge an allegation of juror bias when brought to his attention;"
2. Counsel "failed to file a motion to dismiss [the] indictment due to U.S. Government misconduct;"
3. Counsel failed to interview or investigate the Government's witnesses;
4. Counsel failed to impeach the Government's witnesses;
5. Counsel failed to object to Petitioner's sentencing guideline calculations;
6. Counsel failed to present exculpatory evidence based on "improper Government Misconduct;"
7. Counsel failed to challenge the indictment;
8. Counsel failed to object to the Government's manipulation of dates relevant to Petitioner's conspiracy charge;
9. Counsel failed to object to certain forensic evidence pursuant to *Crawford v. Washington.*

Petitioner also claims that his appellate counsel, Guy Vitetta, provided ineffective assistance of counsel. Specifically, Petitioner claims that Attorney Vitetta failed to present the "strongest issues available to [Petitioner] for his direct appeal."

Before addressing the merits of Petitioner's Motion, the Government claims that Petitioner's § 2255 motion is time-barred. The AEDPA amended § 2255 to provide a one-year statute of limitations period for the filing of § 2255 motions. Section 2255 provides that the period of limitation will begin to run upon "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (2008). Moreover, pursuant to *Clay v. United States,* 537 U.S. 522 (2003), it is now clear that Petitioner's conviction is not final until the ninety-day period for filing a petition for writ of certiorari has expired. Petitioner's petition for writ of certiorari was

denied by written order on January 12, 2009. However, according to the Government, Petitioner did not file the instant § 2255 motion until January 25, 2010–more than one year from the date upon which his conviction became final. Accordingly, the Government argues that Petitioner's motion is time-barred.

The Court, however, finds that Petitioner's motion was timely filed. Petitioner had until January 12, 2010 to file his § 2255 motion. The Government claims Petitioner filed his motion on January 25, 2010, which is the correct date for when the Court received the motion. However, according to *Houston v. Lack*, 487 U.S. 266, 270-76 (1988), a pro se petitioner's motion is filed at the moment of delivery to prison authorities for forwarding to district court. There is no indication in the record of when the prison mail room received Petitioner's motion, and a stamp on the envelope appears smeared. However, Petitioner's motion is signed January 8, 2010, and the envelope has a United States Postal Stamp dated January 20, 2010. The Court will construe any ambiguity in the date the motion was delivered to prison officials in favor of the pro se Petitioner and, therefore, finds that Petitioner's motion is timely filed.

However, the Court agrees with the Government's position that Petitioner's substantive claims are without merit. The Court finds that Petitioner has failed to show that his counsel's performance fell below an objective professional standard of reasonableness or that his counsel's deficiencies prejudiced his defense. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). *Strickland v. Washington* states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient; and second, that counsel's deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984).

To establish the first prong, the defendant must show "that counsel made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985).

In order to satisfy the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner has the burden of showing that trial counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

First, Petitioner claims that counsel was ineffective for failing to challenge an allegation of juror bias when brought to his attention. For example, Petitioner claims that during voir dire, one juror indicated that he knew Assistant United States Attorney Alston Badger because he sold him a term life insurance policy. Additionally, another juror indicated that he knew Secret Service Officer Shon Jenkins because they were neighbors for about four years. Upon inquiry by

the Court, however, both jurors indicated that their relationships with Mr. Badger and Mr. Jenkins would not influence their ability to be fair and impartial.

Voir dire plays an essential role in guaranteeing a criminal defendant's Sixth Amendment right to an impartial jury. *United States v. Lancaster*, 96 F.3d 734, 738 (citing *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981) (plurality opinion)). Voir dire "enabl[es] the court to select an impartial jury and assist[s] counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991); *see also Rosales-Lopez*, 451 U.S. at 188 (observing that voir dire is the means by which prospective jurors who are unwilling or unable to apply the law impartially may be disqualified from jury service); *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994) (noting that "[t]he principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice").

The conduct of voir dire necessarily is committed to the sound discretion of the trial court because the "determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge." *Lancaster*, 96 F.3d at 738 (quoting *Ristaino v. Ross*, 424 U.S. 589, 594-95 (1976)); *see also Morgan v. Illinois*, 504 U.S. 719, 729 (1992). As the Court noted in *Rosales-Lopez*, the trial judge's function at this point in the trial is not unlike that of the jurors later on in the trial; both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions. 451 U.S. at 188. In neither instance can the conclusions of these decisionmakers, who heard and observed the witnesses, be easily second-guessed. *Id.*; *see also United States v. Nash*, 910 F.2d 749, 753 (11th Cir. 1990).

For the above reasons, Petitioner's claim of ineffective assistance for failure to allege juror bias fails. Although two members of the jury informed the Court that they knew two of the Government's witnesses, Mr. Badger and Mr. Jenkins, both jurors indicated that their relationships with these men would not influence their ability to be fair and impartial. This Court heard both the jurors' admissions and the testimonies of the witnesses at issue and reached a conclusion as to impartiality and credibility by relying on the Judge's own evaluation of demeanor evidence and of responses to questions. *Rosales-Lopez*, 451 U.S. at 188. Moreover, Petitioner's counsel was justified in relying on the trial judge's determination. Accordingly, because the jurors admitted that their connections to the Government's witnesses would not effect their ability to be fair and impartial, Petitioner's claim fails as it falls short of satisfying the first prong of the *Strickland* test. *See Strickland*, 466 U.S. at 688.

Second, Petitioner claims that his attorney acted improperly by "fail[ing] to file [a] motion to dismiss [the] indictment due to U.S. Government Misconduct." However, this allegation lacks merit. As the Respondent points out in its brief, Petitioner's counsel did in fact file a motion to dismiss the indictment on October 12, 2006. (Docket entry 314.)

Third, Petitioner claims his attorney improperly failed to interview or investigate the Government's witnesses. However, Petitioner's claim fails as it lacks support from the record. Petitioner's counsel met with the prosecuting case agents before the case and investigated the case with the assistance of a private investigator, retained on behalf of Petitioner, in preparation for trial. (Gov't Resp. in Opp., Michel Aff. ¶ 8.)

Fourth, Petitioner claims his trial attorney acted improperly "through his failure to use impeachment evidence to impeach [the] government['s] witnesses." However, as Respondent points out in its brief, the trial transcript indicates that Mr. Michel cross examined the

Government's witness and noted inconsistency in prior testimony and/or bias of the witness based upon their plea agreements with the Government. (Michel Aff. ¶ 9.)

Fifth, Petitioner claims that counsel inappropriately failed to object to Petitioner's sentencing guideline calculations. Contrary to Petitioner's claim, however, the trial transcript illustrates that Mr. Michel made numerous objections to Petitioner's pre-sentence investigation and guideline range. Thus, Petitioner's claim is without merit. (Michel Aff. ¶ 10.)

Sixth, Petitioner claims that his attorney failed to present exculpatory evidence based on "improper Government Misconduct." This claim too, however, is not consistent with the record. Mr. Michel filed both a motion to suppress evidence and statements on September 1, 2006 (Docket entry 291) and a motion to dismiss the indictment on October 12, 2006 (Docket entry 314). Also, although he was ultimately denied the opportunity to do so, Mr. Michel attempted to call witness Keith Washington on behalf of the defense to elicit testimony regarding the untruthful information that he provided to law enforcement agents, which, subsequently, led to Petitioner's arrest.

Seventh, Petitioner again claims that he received ineffective assistance when Mr. Michel failed to challenge his indictment. However, as noted above, this claim fails as counsel filed a motion to dismiss the Petitioner's indictment on October 12, 2006. (Docket entry 314.)

Eighth, Petitioner claims that counsel should have, but failed to, object to the Government's manipulation of dates relevant to Petitioner's offense of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base. However, there is nothing in the record indicating that the Government manipulated any information. Furthermore, during the trial, Mr. Michel took steps to ensure that

any motives the Government's witnesses might have had to lie were uncovered. For example, during Mr. Michel's cross-examination of Joseph Boykin, defense counsel asked Mr. Boykin if any of the Government's witnesses had motivation to testify (i.e., plea offers) and he responded in the affirmative. (Trans. at 255.)

Ninth, Petitioner claims that counsel acted unreasonably by not objecting to certain forensic evidence pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). Specifically, Petitioner contends that Mr. Michel inappropriately allowed the Government to "[i]ntroduce . . . forensic laboratory analysis, without presenting the testimony of the analyst who prepared the Certificate . . . ." Contrary to Petitioner's claim, however, the trial transcript indicates that Mr. Michel did in fact have an opportunity to confront and cross-examine the Government's witnesses. (Michel Aff. ¶ 13.)

Finally, Petitioner claims that his appellate counsel, Guy Vitetta, was ineffective in his assistance. Specifically, Petitioner claims that counsel failed to present the "strongest issues available to [Petitioner] for his direct appeal" and gave false statements supporting the Government and against the Petitioner.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S., 91, 101 (1955)). "There are countless ways to provide effective assistance

in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.*

Petitioner fails to cite any specific statements made by counsel in support of his claim. To that effect, Petitioner's claim must fail as it is insufficient for an ineffective assistance of counsel claim to be grounded in a general and conclusory allegation. Moreover, on appeal, counsel challenged the Court's determination that the good faith exception applied, but the Fourth Circuit rejected the challenge. Because there are many ways to provide effective assistance, this Court indulges in the presumption that counsel's performance fell within the wide range of reasonable professional assistance. Furthermore, counsel's choice of argument on appeal receives the same presumption, and is thus covered under the umbrella of protection afforded to counsel regarding trial strategy.

In conclusion, a review of the case history and trial transcript shows that all of Petitioner's claims of ineffective assistance of counsel are without merit. The representation provided by both Mr. Michel and Mr. Vitteta was reasonable and does not fall into the parameters laid out in *Strickland*.

## <u>CONCLUSION</u>

Based on the foregoing, it is **ORDERED** that Petitioner's petition pursuant to § 2255 is

hereby **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge


**September 8, 2010**
**Charleston, SC**