IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:05-cr-00135-DCN |
| vs. ) | |
| ) | **ORDER** |
| EDWARD MITCHELL COPELAND, ) | |
| Defendant. ) | |

The following matter is before the court is on defendant Edward Mitchell Copeland's ("defendant") motion to reduce his sentence pursuant to the First Step Act of 2018, Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). ECF No. 652. For the reasons set forth below, the court grants defendant's request and modifies his sentence to time served for counts 1, 7, and 22, to be followed by an 8-year term of supervised release.

### I.  BACKGROUND

On February 9, 2005, a federal Grand Jury returned a twenty-two-count indictment which charged defendant with three counts: conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B) ("count 1"); possession with intent to distribute five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C) ("count 7"); and a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) ("count 22"). ECF No. 1 at 1, 4, 12. On October 18,

1

2006, a jury found defendant guilty on all three counts. ECF No. 319. Because defendant was subject to an enhancement pursuant to 21 U.S.C. § 851, count 1 resulted in a mandatory minimum statutory penalty of life imprisonment. ECF No. 156. Count 7 resulted in a mandatory minimum statutory penalty of 10 years to life because of the § 851 enhancement. Id. Count 22 resulted in a mandatory minimum statutory penalty of 15 years to life. 18 U.S.C. § 924(e). On April 20, 2007, defendant was sentenced to a total term of life as to counts 1, 7, and 22, with all such terms to run concurrently. ECF No. 384.

Because defendant was charged with less than 280 grams of cocaine base for count 1, the statutory mandatory minimum sentence for this offense would have been 10 years to life — not mandatory life — had the Fair Sentencing Act of 2010 been in effect at the time of defendant's sentencing. See § 841(b)(1)(B); Pub. L. No. 111-220, 124 Stat. 2372. Because defendant was charged with less than 28 grams of cocaine base for count 7, the statutory mandatory minimum sentence for this offense would have been no more than 30 years — not 10 years to life — had the Fair Sentencing Act of 2010 been in effect at the time of defendant's sentencing. Id.

On March 28, 2019, defendant filed a motion for a reduction of his sentence pursuant to the First Step Act of 2018. ECF No. 652. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. On April 16, 2019, the government responded to defendant's motion, ECF No. 657, to which defendant replied on July 22, 2019, ECF No. 658. On March 20, 2020, defendant filed a

supplemental brief. ECF No. 660. The motion has been fully briefed and is now ripe for the court's review.

## II.   STANDARD

In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). The First Step Act clearly allows the retroactive application of the modifications to penalties that Congress enacted in the Fair Sentencing Act. Id. § 404(a), 132 Stat. at 5222; see also S. Comm. on the Judiciary, 115th Cong., The First Step Act of 2018 (S.3649) – as introduced 2 (2018) (describing a bill with the same text as the version of Section 404 that was ultimately enacted as "allow[ing] prisoners sentenced before the Fair Sentencing Act of 2010 reduced the 100-to-1 disparity in sentencing between crack and powder cocaine to petition the court for an individualized review of their case" and as "bring[ing] sentences imposed prior to 2010 in line with sentences imposed after the Fair Sentencing Act was passed" (emphasis omitted)); 164 Cong. Rec. S7020-02, S7021 (daily ed. Nov. 15, 2018) (statement of Sen. Durbin) (describing the same bill as an opportunity "to give a chance to thousands of people who are still serving sentences for nonviolent offenses involving crack cocaine under the old 100-to-1 rul[e] to petition individually" for a sentencing reduction).

The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010

were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a), 132 Stat. at 5222 (citation omitted). Among other limitations, Congress left the decision as to whether to grant a sentence reduction to the district court's discretion. Id. § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

### III.   DISCUSSION

Both parties agree that defendant is eligible for relief under the First Step Act. ECF No. 657 at 1. However, the parties are in dispute over what constitutes appropriate relief. The government requests that the court issue an amended judgment reducing defendant's sentence to the bottom of the revised United States Sentencing Guideline range as set forth in the Sentence Reduction Report of 262 to 327 months, and consents to an 8-year term of supervised release that would follow any sentence of imprisonment. Id.; ECF No. 655 at 3. Defendant requests that the court adjust his sentence to time-served. ECF No. 660 at 8.

### A.    Armed Career Criminal and § 851 Enhancements

Defendant argues that he was erroneously subject the enhancements under 21 U.S.C. § 851 and erroneously classified as an armed career criminal. ECF No. 660 at 2–4. The government contends that the court should not consider defendant's argument regarding defendant's § 851 enhancements or an armed career criminal designation. ECF 657 at 2–3. The government posits that the First Step Act only allows "a limited

modification of a sentence based on the sentencing changes reflected in the First Step Act, not a de novo resentencing" because the First Step Act is silent on the propriety of de novo resentencing. Id. The government relies on United States v. Goodwyn, to support its contention that "§ 3582(c) requires that a court be 'expressly' granted authority to modify a sentence, powers of reconsideration of a sentencing decision cannot be found through statutory silence." Id. at 3. The Fourth Circuit has explicitly rejected the government's argument. United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), as amended (Nov. 21, 2019). In Wirsing, the Fourth Circuit made clear that:

> [T]he very purpose of the First Step Act is to make the Fair Sentencing Act retroactive. Congress has explicitly authorized courts to "impose . . . reduced sentence[s]." First Step Act § 404(b), 132 Stat. at 5222. The First Step Act thus fits under the narrow exception to finality provided by § 3582(c)(1)(B) because it "expressly permits the court to" modify a term of imprisonment. United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (emphasis in original) (citations omitted).

Id. Therefore, the court is not constrained to merely adjust the sentence that is affected by the First Step Act. Nonetheless, the court need not conduct a de novo resentencing in order to consider whether defendant's § 851 enhancements or his armed career criminal designation still applies under current law because, as discussed below, the court has the discretion to consider these issues in determining whether a reduction in sentence is appropriate through its analysis of the § 3553(a) factors. See, e.g., United States v. Smith, 2019 WL 2092581, at *6 (W.D. Va. May 13, 2019); United States v. Hairston, 2019 WL 1049387, at *2–3 (W.D. Va. March 5, 2019).

    **B.**    **Court's Discretion**

Whether to grant relief, and the extent of such relief, under the First Step Act is within the sound discretion of the district court. First Step Act § 404(c), 132 Stat. at

5222.  The procedural framework that applies under the First Step Act is 18 U.S.C. § 3582(c)(1)(B).  <u>Wirsing</u>, 943 F.3d at 185.  Section 3582(c)(1) instructs that courts may resentence defendants "after considering the factors set forth in section 3553(a)."  District courts in this circuit have considered the 18 U.S.C § 3553(a) factors when deciding to grant relief under the First Step Act.  <u>Jones v. United States</u>, 2020 WL 219311, at *4 (E.D. Va. Jan. 6, 2020); <u>United States v. Spotts</u>, 2019 WL 6521981, at *4 (S.D.W. Va. Dec. 3, 2019); <u>United States v. Jackson</u>, 2019 WL 6245759, at *3 (S.D.W. Va. Nov. 21, 2019); <u>United States v. Stanback</u>, 377 F. Supp. 3d 618, 625 (W.D. Va. 2019); <u>Wright v. United States</u>, 2019 WL 6039954, at *5 (E.D. Va. Nov. 14, 2019); <u>United States v. Belcher</u>, 2019 WL 5700767, at *3 (S.D.W. Va. Nov. 4, 2019); <u>United States v. Leggette</u>, 2019 WL 5550029, at *2 (S.D.W. Va. Oct. 25, 2019); <u>United States v. Kaymore</u>, 2019 WL 5445304, at *5 (W.D. Va. Oct. 23, 2019); <u>United States v. Latten</u>, 2019 WL 2550327, at *3 (W.D. Va. June 20, 2019); <u>United States v. Robinson</u>, 2019 WL 3867042, at *4 (D. Md. Aug. 15, 2019); <u>United States v. Barber</u>, 409 F. Supp. 3d 542, 547–48 (W.D. Va. 2019); <u>United States v. VanBuren</u>, 2019 WL 3082725, at *5 (W.D. Va. July 15, 2019); <u>United States v. Ancrum</u>, 2019 WL 2110589, at *5 (W.D. Va. May 14, 2019).

The § 3553(a) factors instruct the court to "impose a sentence sufficient, but not greater than necessary" by considering, in part:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed . . . to reflect the seriousness of the offense, . . . to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with medical care, or other correctional treatment in the most effective manner . . . the kinds of sentences available . . . and the sentencing range establish[ed] for the . . . offense committed . . . as set forth in the [G]uidelines[.]

18 U.S.C. § 3553(a).

At age 73, defendant is statistically unlikely to recidivate. United States v. Redd, 2020 WL 1248493, at *10 (E.D. Va. Mar. 16, 2020); see also United States Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders, p. 30 (December 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207 Recidivism-Age.pdf ("Among offenders released younger than age 21, 67.6 percent were rearrested compared to 13.4 percent of those released age 65 or older. The pattern is consistent across age groups, as age increases recidivism by any measure declined. Older offenders who do recidivate do so later in the follow-up period, do so less frequently, and had less serious recidivism offenses on average."). A review of defendant's health record shows that defendant has adult onset diabetes, is obese, was previously diagnosed with and treated for prostate cancer, and is in need of orthopedic surgery. Given defendant's tenuous health condition and age, remaining incarcerated during the current global pandemic puts him at even higher risk for severe illness and possible death, and Congress has expressed its desire for courts to "use all available powers and authorities . . . to reduce the number of federal prisoners in . . . prisons" especially to individuals like defendant. ECF No. 660-4 at 1–3; Letter of House Judiciary Committee, March 19, 2020 ("We urge you to use . . . existing authority . . . to release federal inmates who are vulnerable to COVID- 19 (for instance, persons . . . who are 50 years old and older, and who suffer from chronic illnesses like . . . cancer, . . . diabetes, . . . , or other diseases that make them vulnerable to COVID-19 infection"). In light of the current health crisis, Congress has also expressed its desire for courts to determine if "every person with 36 months or less remaining on their sentence . . . can serve the last year of their sentence in community corrections and home

confinement, rather than in a correctional institution." ECF No. 660-4 at 3; <u>Letter of House Judiciary Committee</u>, March 19, 2020. Were the defendant to be sentenced under the current regime, the court finds that defendant would likely be subject to a mandatory minimum sentence of 15 years.[1] Defendant has currently served 14 years of his sentence. Defendant's sister is a retired registered nurse and has committed to taking care of defendant upon his release. ECF No. 660 at 7. Defendant is far more likely to obtain better medical care from his retired nurse sister than while in incarceration. In addition to his age, health risk, and Congress's expressed desire to find ways, if just and possible, to release similarly situated individuals, defendant has had no disciplinary infractions during

---

[1] The court determined that defendant would likely be subject to a mandatory minimum sentence of 15 years because defendant would likely still be subject to the § 851 enhancements but would likely not qualify as an armed career criminal. Under the First Step Act, § 851 enhancements still apply to defendants that have committed a "serious violent felony." <u>See</u> 18 U.S.C. § 3559(58)(A) ("The term 'serious violent felony' means . . . an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months."). Defendant's 1971 conviction for manslaughter ("manslaughter conviction") would qualify as a "serious violent felony" because defendant served a sentence of more than 12 months. Therefore, defendant's conviction under 21 U.S.C. § 841(b)(1)(A) would still be subject to a 15-year mandatory minimum because of defendant's manslaughter conviction.

18 U.S.C. § 924(e)(1) defines an armed career criminal as "a person who violates § 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another. A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Defendant's 1984 conviction for criminal possession of a controlled substance in the fifth degree ("1984 predict offense") would not qualify as a "serious drug offense" because the maximum term is seven years. N.Y. Penal Law § 220.06. Therefore, defendant would not be an armed career criminal because the 1984 predict offense is not a "serious drug offense" so defendant does not have three qualifying predicate offenses under 18 U.S.C. § 924(e)(1).

his time in prison. This gives the court further confidence that defendant would not be a threat to the public once released.

Based on defendant's current sentence relative to his likely sentence under the current regime, his age, his health, his ability to obtain better medical treatment outside of the federal prison system, Congress's desire for courts to release individuals the age defendant is, with the ailments that defendant has during this current pandemic, and the minimal likelihood that defendant is a risk to public safety or will recidivate, the court finds that the § 3553(a) factors weigh in favor of granting defendant to relief under the First Step Act. Therefore, the court grants defendant's motion and orders defendant's total sentence modified to time served for counts 1, 7 and 22, to be followed by an 8-year term of supervised release

## IV.   CONCLUSION

For the reasons set forth above, the court grant defendant's motion and modifies his total sentence to time served for counts 1, 7 and 22, to be followed by an 8-year term of supervised release.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 24, 2020**
**Charleston, South Carolina**